OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
*376 In this negligence action for personal injuries the record reveals that on July 31, 1985 Officer Brown was on duty in an unmarked police car near the Richmond Avenue exit of the Staten Island Expressway. Brown observed the Ellis vehicle approaching at 58 miles per hour in a 35-mile-per-hour zone. The officer pursued the Ellis vehicle north on Richmond Avenue in an attempt to apprehend her for speeding. In the course of the pursuit Ellis’ car hit the Harrington vehicle at the three-way intersection of Forest Avenue, Richmond Avenue and Morningstar Road as Rosalia A. Harrington was making a left turn while allegedly arguing with her passenger and looking the wrong way. Officer Brown, while still in high speed pursuit, observed the collision and abruptly veered left to avoid striking the rear of Ellis’ now stationary car. As a result, Brown’s police car struck a telephone pole. Brown, alleging defendants’ negligence, seeks damages for personal injuries caused by the accident. His wife has a derivative claim for loss of services.
The attorney for the Harringtons asserts that Brown’s claims are barred by the “fireman’s rule” applicable to police officers injured in the line of duty under Santangelo v State of New York (71 NY2d 393).
The court below denied summary judgment on the ground that General Municipal Law § 205-e is retroactive.
In our opinion the order denying the Harrington defendants’ motion for summary judgment should be affirmed. The negligence that caused plaintiffs injuries was separate and apart from the wrongful conduct that created the occasion for his services. The wrong that created the occasion for his services was that of the speeding violator that Officer Brown was pursuing. The negligence that caused the plaintiffs injuries, however, was that of defendant Rosalia Harrington who allegedly made a left turn while arguing with her passenger and looking the wrong way. As a result she collided with the speeding violator causing Officer Brown to veer away and hit a telephone pole. It cannot be said that the officer assumed the risk created by that negligence (Dawes v Ballard, 133 AD2d 662; Starkey v Trancamp Contr. Corp., 152 AD2d 358; Tanico v Carr, NYLJ, July 13, 1989, at 20, col 5).
Kassoff, P. J., Williams and Santucci, JJ., concur.